UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE WHITE, Plaintiff | CIVIL ACTION NO. 1:16-CV-01138-P |
| VERSUS | CHIEF JUDGE DRELL |
| LALA BRITTAIN SYLVESTER, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Ronnie White (#392995), filed on August 3, 2016. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* on August 24, 2016. (Doc. 4). Plaintiff is incarcerated at the Natchitoches Parish Detention Center. He names Judge Lala Brittain Sylvester as the defendant and claims she improperly arraigned him via teleconference. (Doc. 1, p. 3).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Plaintiff alleges that Judge Sylvester violated his constitutional right to be present in court when she conducted his arraignment by teleconference without Plaintiff's consent.

II.   Law and Analysis

Plaintiff is a prisoner who has been granted leave to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Plaintiff's claim that Judge Sylvester improperly held his arraignment by teleconference arises exclusively from the execution of a judicial function. Therefore, Plaintiff's claim is barred, and the complaint should be dismissed.

III. <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's § 1983 complaint be DENIED and DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __20th__ day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge